# COPY

WG-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | TELEPHONE AND FAX NOS.: | LEVYING OFFICER (Name and Address): |
|---|---|---|
| Michael S. Keck                    124536<br>LAW OFFICES OF C. L. KECK<br>1390 Market Street, Suite 228<br>San Francisco          CA  94102<br><br>ATTORNEY FOR (Name): Robert Icho | (415) 861-2267<br>(415) 431-1617<br><br>RICHARD<br>U.S. DST<br>NO. | **FILED**<br><br>FEB 0 4 2008<br><br>CLERK<br>NORTHERN<br>CALIFORNIA |

NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
US DISTRICT COURT, NORTHERN CALIFORNIA
SAN JOSE DIVISION

PLAINTIFF: ROBERT ICHO

DEFENDANT: PACKETSWITCH.COM, INC.

| EARNINGS WITHHOLDING ORDER<br>(Wage Garnishment) | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>C-01-20858JF EAI |
|---|---|---|

**EMPLOYEE:** *KEEP YOUR COPY OF THIS LEGAL PAPER.*   **EMPLEADO:** *GUARDE ESTE PAPEL OFICIAL*

**EMPLOYER:** Enter the following date to assist your record keeping.
Date this order was received by employer (specify the date of personal delivery by levying officer or registered process server or the date mail receipt was signed):

BY FAX

TO THE EMPLOYER REGARDING YOUR EMPLOYEE:

Name and address of employer
Dancejam.com
636 Waverly Street
Palo Alto, CA  94301

Name and address of employee
MC Hammer
aka Stanley Berrell
7683 Erb Way
Tracy, CA  95304

Social Security Number (if known): 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

1. A judgment creditor has obtained this order to collect a court judgment against your employee. You are directed to withhold part of the earnings of the employee (see *Instructions on reverse of this form*). Pay the withheld sums to the **levying officer** *(name and address above).*
   If the employee works for you now, you must **give the employee a copy of this order and the *Employee Instructions*** (form WG-003) within 10 days after receiving this order.
   **Complete both copies of the form *Employer's Return*** (form WG-005) and **mail them to the levying officer** within 15 days after receiving this order, whether or not the employee works for you.

2. The total amount due is: $ 424,000.00
   Count 10 calendar days from the date when you received this order. If your employee's pay period ends before the tenth day, *do not* withhold earnings payable for that pay period. *Do* withhold from earnings that are payable for any pay period ending on or after that tenth day.
   Continue withholding for all pay periods until you withhold the amount due. The levying officer will notify you of an assessment you should withhold in addition to the amount due. Do not withhold more than the total of these amounts. Never withhold any earnings payable before the beginning of the earnings withholding period.

3. The judgment was entered in the court on *(date):* 6/23/2003
   The judgment creditor *(if different from the plaintiff)* is *(name):* ROBERT ICHO, ICHO GROUP, INC.

4. The *EMPLOYER'S INSTRUCTIONS* on the reverse tell you how much of the employee's earnings to withhold each payday and answer other questions you may have.

Date: 2-4-08

(TYPE OR PRINT NAME)                              (SIGNATURE)

☐ LEVYING OFFICER    ☐ REGISTERED PROCESS SERVER

(Employer's Instructions on reverse)

Page 1 of 2

Form Adopted by the
Judicial Council of California
WG-002 [Rev. January 1, 2007]

**EARNINGS WITHHOLDING ORDER**
**(Wage Garnishment)**

CEB

Code of Civil Procedure, §§ 706.022, 706.108, 706.125
www.courtinfo.ca.gov

10742118.tif - 1/25/2008 9:13:18 AM

# EMPLOYER'S INSTRUCTIONS
## EARNINGS WITHHOLDING ORDERS

WG-002

The instructions in paragraph 1 on the reverse of this form describe your early duties to provide information to your employee and the levying officer.

Your other duties are TO WITHHOLD THE CORRECT AMOUNT OF EARNINGS (if any) and PAY IT TO THE LEVYING OFFICER during the *withholding period*.

The withholding period is the period covered by the *Earnings Withholding Order* (this order). The withholding period begins ten (10) calendar days after you receive the order and continues until the total amount due, plus additional amounts for costs and interest (which will be listed in a levying officer's notice), is withheld.

It may end sooner if (1) you receive a written notice signed by the levying officer specifying an earlier termination date, or (2) an order of higher priority (explained on the reverse of the *EMPLOYER'S RETURN* is received).

You are entitled to rely on and must obey all written notices signed by the levying officer.

The *Employer's Return* (form WG-005) describes several situations that could affect the withholding period for this order. If you receive more than one *Earnings Withholding Order* during a withholding period, review that form *(Employer's Return)* for instructions.

If the employee stops working for you, the *Earnings Withholding Order* ends after no amounts are withheld for a continuous 180 day period. If withholding ends because the earnings are subject to an order of higher priority, the *Earnings Withholding Order* ends after a continuous two year period during which no amounts are withheld under the order. **Return the Earnings Withholding Order to the levying officer with a statement of the reason it is being returned.**

## WHAT TO DO WITH THE MONEY

The amounts withheld during the withholding period must be paid to the levying officer by the 15th of the next month after each payday. If you wish to pay more frequently than monthly, each payment must be made within ten (10) days after the close of the pay period.

Be sure to mark each *check with the case number, the levying officer's file number, if different, and the employee's name so the money will be applied to the correct account.*

## WHAT IF YOU STILL HAVE QUESTIONS?

The garnishment law is contained in the Code of Civil Procedure beginning with section 706.010. Sections 706.022, 706.025, and 706.104 explain the employer's duties.

The Federal Wage Garnishment Law and federal rules provide the basic protections on which the California law is based. Inquiries about the federal law will be answered by mail, telephone, or personal interview at any office of the Wage and Hour Division of the U.S. Department of Labor. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

> **THE CHART BELOW AND THESE INSTRUCTIONS DO NOT APPLY TO ORDERS FOR THE SUPPORT OF A SPOUSE, FORMER SPOUSE, OR CHILD.**

The chart below shows *HOW MUCH TO WITHHOLD* when the federal minimum wage is $5.15 per hour.
If the **FEDERAL** minimum wage changes in the future, the levying officer will provide a chart showing the new withholding rates.

## COMPUTATION INSTRUCTIONS

State and federal law limits the amount of earnings can be withheld. The limitations are based on the employee's disposable earnings, which are different from gross pay or take-home pay.

To determine the CORRECT AMOUNT OF EARNINGS TO BE WITHHELD (if any), compute the employee's *disposable earnings*.

(A) Earnings include any money (whether called wages, salary, commissions, bonuses, or anything else) that is paid by an employer to an employee for personal services. Vacation or sick pay is subject to withholding as it is received by the employee. Tips are generally not included as earnings since they are not paid by the employer.

(B) *Disposable earnings* are the earnings left after subtracting the part of the earnings a state or federal law requires an employer to withhold. Generally these required deductions are (1) federal income tax, (2) federal social security, (3) state income tax, (4) state disability insurance, and (5) payments to public employee retirement systems. Disposable earnings will change when the required deductions change.

After the employee's *disposable earnings* are known, use the chart below to determine what amount should be withheld. In the column listed under the employee's pay period, find the employee's disposable earnings. The amount shown below that is the amount to be withheld. For example, if the employee is paid disposable earnings of $500 twice a month (semi-monthly), the correct amount to withhold is 25 percent each payday, or $125.

The chart below is based on the minimum wage that was effective September 1, 1997. It will change if the minimum wage changes. Restrictions are based on the minimum wage effective at the time the earnings are payable.

Occasionally, the employee's earnings will also be subject to a *Wage and Earnings Assignment Order*, an order available from family law courts for child, spousal, or family support. The amount required to be withheld for that order should be deducted from the amount to be withheld for this order.

> **—— IMPORTANT WARNINGS ——**
>
> 1. IT IS AGAINST THE LAW TO FIRE THE EMPLOYEE BECAUSE OF *EARNINGS WITHHOLDING ORDERS* FOR THE PAYMENT OF ONLY ONE INDEBTEDNESS. No matter how many orders you receive, so long as they all relate to a single indebtedness (no matter how many debts are represented in that judgment) the employee may not be fired.
>
> 2. IT IS ILLEGAL TO AVOID AN *EARNINGS WITHHOLDING ORDER* BY POSTPONING OR ADVANCING THE PAYMENT OF EARNINGS. The employee's pay period must not be changed to prevent the order from taking effect.
>
> 3. IT IS ILLEGAL NOT TO PAY AMOUNTS WITHHELD FOR THE *EARNINGS WITHHOLDING ORDER TO* THE LEVYING OFFICER. Your duty is to pay the money to the levying officer who will pay the money in accordance with the law that apply to this case.
>
> *IF YOU VIOLATE ANY OF THESE LAWS YOU MAYBE HELD LIABLE TO PAY CIVIL DAMAGES AND YOU MAY BE SUBJECT TO CRIMINAL PROSECUTION!*

## FEDERAL MINIMUM WAGE: $5.15 per hour

(Beginning April 1, 1991, and continuing indefinitely.)

| PAY PERIOD | Daily | Weekly | Every Two Weeks | Twice a Month | Monthly |
|---|---|---|---|---|---|
| DISPOSABLE EARNINGS | $0-$154.50 | $0-$154.50 | $0-$309.00 | $0-$334.75 | $0-$669.50 |
| WITHHOLD | None | None | None | None | None |
| DISPOSABLE EARNINGS | $154.51-$206.00 | $154.51-$206.00 | $309.01-$412.00 | $334.76-$446.33 | $669.51-$892.67 |
| WITHHOLD | Amount above $154.50 | Amount above $154.50 | Amount above $309.00 | Amount above $334.75 | Amount above $669.50 |
| DISPOSABLE EARNINGS | $206.01 or More | $206.01 or More | $412.01 or More | $446.34 or More | $892.68 or More |
| WITHHOLD | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings | Maximum of 25% of Disposable Earnings |

WG-003

# EMPLOYEE INSTRUCTIONS

### -NOTICE-

IMPORTANT LEGAL NOTICE TO EMPLOYEE
ABOUT EARNINGS WITHHOLDING ORDERS
(Wage Garnishment)

The **Earnings Withholding Order** requires your employer to pay part of your earnings to the sheriff or other levying officer. The levying officer will pay the money to a creditor who has a court judgment you. The information below may help protect you against the money you earn.

### -NOTICIA-

NOTICIA LEGAL IMPORTANTE RESPECTO
A LAS ORDENES DE RETENCION DE SUELDO

**El Orden de Retención de Sueldo** requiere que su empleador pagé una parte de su sueldo a un oficial de retención. El oficial le pagará el dinero retenido a su acreedor que ha consiguido una decisión judicial en contra de Ud. Pida Ud. que un amigo o su abogado le lea este papel oficial. Esta información le podría ayudar a proteger su sueldo.

### CAN YOU BE FIRED BECAUSE OF THIS?

**NO.** You cannot be fired unless your earnings have been withheld before for a different court judgment. If this is the first judgment for which your wages will be withheld and your employer fires you because of this, the California Labor Commissioner, listed in the phone book of larger cities, can help you get your job back.

### HOW MUCH OF YOUR PAY WILL BE WITHHELD?

The reverse of the Earnings Withholding Order (abbreviated in this notice as EWO) that applies to you contains Employer Instructions. These explain how much of your earnings can be withheld. Generally, the amount is about 25% of your take home pay until the amount due has been withheld. The levying officer will notify the employee of an additional assessment charged for paying out money collected under this order and that amount will also be withheld.

If you have trouble figuring this out, ask your employer for help.

### IS THERE ANYTHING YOU CAN DO?

**YES.** There are several possibilities.

1. See an attorney. If you do not know an attorney, check with the lawyer referral service or the legal aid office in your county (both are listed in the yellow pages under "Attorneys").

   An attorney may be able to help you make an agreement with your creditor, or may be able to help you stop your earnings from being withheld. You may wish to consider bankruptcy or asking the bankruptcy court to help you pay your creditors. These possibilities may stop your wages from being withheld.

   An attorney can help you decide what is best for you. Take your **EWO** to the attorney to help you get the best advice and the fastest help.

2. Try to work out an agreement yourself with your creditor. Call the creditor or the creditor's attorney, listed on the **EWO**. If you make an agreement, the withholding of your wages will stop or be changed to a smaller amount you agree on. *(See item 4 on the reverse for another way to make an offer to your creditor.)*

3. You can ask for an EXEMPTION. An exemption will protect more, or maybe even all of your earnings. You can get an exemption if you need your earnings to support yourself or your family, **but you cannot get an exemption if**
   a. You use some of your earnings for luxuries and they aren't really necessary for support; *OR*
   b. The money you owe is for food, clothing, medical care, or housing; *OR*
   c. You owe the debt for past due child support or spousal support (alimony); *OR*
   d. You owe the debt to a former employee for wages.

### HOW DO YOU ASK FOR AN EXEMPTION?
*(See the reverse of this form for instructions about claiming an exemption.)*

Page 1 of 2

Approved by the
Judicial Council of California
WG-003 [Rev. January 1, 2007]

**EMPLOYEE INSTRUCTIONS**
**(Wage Garnishment)**

CEB

Code of Civil Procedure, § 706.122
www.courtinfo.ca.gov

10742118.tif - 1/25/2008 9:13:16 AM

## HOW DO YOU ASK FOR AN EXEMPTION?

1. Call or write the levying officer for three (3) copies each of the forms called "Claim of Exemption" and "Financial Statement." These forms are free. The name and address of the levying officer are in the big box on the right at the top of the EWO.

2. Fill out both forms. On the forms are some sentences or words which have boxes ☐ in front of them. The box means the words which follow may not apply to your case. If the words do apply, put a check in the box.

   Remember, it is *your* job to prove with the Financial Statement form that your earnings are needed for support. Write down the details about your needs.

3. For example, if your child has special medical expenses, tell which child, what illnesses, who the doctor is, how often the doctor must be visited, the cost per visit, and the costs of medicines. These details should be listed in item 6. If you need more space, put "See attachment 6" and attach a typed 8½ by 11 sheet of paper on which you have explained your expenses in detail.

4. You can use the Claim of Exemption form to make an offer to the judgment creditor to have a specified amount withheld each pay period. Complete item 3 on the form to indicate the amount you agree to have withheld **each pay day during the withholding period.** (Be sure it's less than the amount to be withheld otherwise.) If your creditor accepts your offer, he will not oppose your claim of exemption. (See (1) below. )

5. Sign the Claim of Exemption and Financial Statement forms. Be sure the Claim of Exemption form shows the address where you receive mail.

6. Mail or deliver two (2) copies of each of the two forms to the levying officer. Keep one copy for yourself in case a court hearing is necessary.

Do not use the Claim of Exemption and Financial Statement forms to seek a modification of child support or alimony payments. These payments can be modified only by the family law court that ordered them.

*FILE YOUR CLAIM OF EXEMPTION AS SOON AS POSSIBLE FOR THE MOST PROTECTION.*

## ONE OF TWO THINGS WILL HAPPEN NEXT

(1) The judgment creditor will not oppose (object to) your claim of exemption. If this happens, after 10 days the levying officer will tell your employer to stop withholding or withhold less from your earnings. The part (or all) of your earnings needed for support will be paid to you or paid as you direct. And you will get back earnings the levying officer or your employer were holding when you asked for the exemption.

—OR—

(2) The creditor will oppose (object to) your claim of exemption. If this happens, you will receive a Notice of Opposition and Notice of Hearing on Claim of Exemption, in which the creditor states why your exemption should not be allowed. A box in the middle of the Notice of Hearing tells you the time and place of the court hearing which will be in about ten days. Be sure to go to the hearing if you can.

If the judgment creditor has checked the box in item 3 on the Notice of Hearing on Claim of Exemption, the creditor will not be in court. If you are willing to have the court make its decision based on your Financial Statement and the creditor's Notice of Opposition, you need not go to the hearing.

The Notice of Opposition to Claim of Exemption will tell you why the creditor thinks your claim should not be allowed. If you go to the hearing, take any bills, paycheck stubs, cancelled checks, or other evidence (including witnesses) that will help you prove your Claim of Exemption and Financial Statement are correct and your earnings are needed to support yourself or your family.

Perhaps you can even prove the Notice of Opposition is wrong. For example, perhaps the Notice of Opposition states that the judgment was for a common necessary of life. This term is generally taken by courts to mean only the essentials that everyone needs to live; sometimes a court will have to decide the matter. For example, while coat may be a "common necessary," a fur coat may not be.

If the judge at the hearing agrees with you, your employer will be ordered to stop withholding your earnings or withhold less money. The judge can even order that the EWO end before the hearing (so you would get some earnings back).

If the judge does not agree with you, the withholding will continue unless you **appeal** to a higher court. The rules for appeals are complex so you should see an attorney if you want to appeal.

If you have one court hearing, you should not file another Claim of Exemption about the same EWO unless your finances have gotten worse in an important way.

If your EWO is to be changed or ended, the levying officer must sign the notice to your employer of the change. He may give you permission to deliver it to the employer, or it can be mailed.

## WHAT HAPPENS TO YOUR EARNINGS IF YOU FILE A CLAIM OF EXEMPTION?

Your employer must continue to hold back part of your earnings for the EWO until he receives a notice signed by the levying officer to change the order or end it early.

The levying officer will keep your withheld earnings until your Claim of Exemption is denied or takes effect. At that time your earnings will be paid according to the law that applies to your case.

## REGARDING CHILD SUPPORT

If you are obligated to make child support payments, the family support division of your district attorney's office may help you to have an Order Assigning Salary or Wages entered. This order has the top priority claim on your earnings. When it is in effect, little or no money may be available to be withheld for an EWO. And, if the district attorney is involved in collecting this support from you, he may agree to accept less money if this special order is entered.

## WHAT IF YOU STILL HAVE QUESTIONS?

If you cannot see an attorney, or don't want to see an attorney, you might be able to answer some of your questions by reading the law in a law library. Ask the law librarian to help you find sections 706.050 and 706.105 of the California Code of Civil Procedure. Other sections of the code, beginning with section 706.010 may also answer some of your questions.

Also, the office of the Wage and Hour Division of the U.S. Department of Labor may be able to answer some of your questions. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.