**E-Filed 2/5/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ICHO, et al., | Case Number C 01-20858 JF |
| Plaintiffs, | ORDER[1] DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT |
| v. | |
| PACKETSWITCH.COM, INC., et al., | |
| Defendants. | [Re: Docket Entry No. 163] |

**I. INTRODUCTION**

On April 10, 2003, the Court entered a default judgment against Defendant Stanley Burrell ("Burrell"), whose surname was mis-spelled on the summons and in the complaint and other legal documents as "Berrell." More than six years later, Burrell moves to set aside his default and vacate the default judgment. The Court heard oral argument on October 9, 2009. For the reasons discussed below, the motion will be denied.

**II. BACKGROUND**

In the late 1990s, Burrell, who was widely-known under his professional name of "MC Hammer," was approached by one of his Bible study students, Defendant Steven Ristau

---

[1] This disposition is not designated for publication in the official reports.

("Ristau"), about technology Ristau was developing through a company called PacketSwitch.com, Inc. ("PacketSwitch"). Burrell agreed to market Ristau's technology once it was fully functional. In exchange, PacketSwitch issued 6,000,000 shares of stock to Burrell.

In 2000, before the technology could be launched, PacketSwitch ceased operations. Burrell claims that he never was anything more than a shareholder; in particular, he states that he was neither a founder, director, officer, employee, nor fundraiser for the company, and that he never solicited potential investors.

The Securities Exchange Commission ("SEC") subsequently conducted an investigation of PacketSwitch, during which it contacted Burrell. Although charges were filed against Ristau and PacketSwitch in 2001, Burrell himself was not charged. Burrell maintains that he had virtually no dealings with Plaintiffs other than at one contentious shareholder meeting. Burrell claims that Plaintiff Robert Icho ("Icho") flashed a gun at this meeting, a fact that is disputed by others who were present.

Plaintiffs filed the instant action on September 12, 2001, and "MC Hammer, a.k.a. Stanley Berrell" was named as a defendant. Two proofs of service appear on the docket which purport to establish that Burrell was served with the summons and complaint by substituted service. Burrell claims that he never was properly served, and that he did not learn about the case at all until long after the purported date of service.

On April 10, 2003, default was entered against Stanley "Berrell." On June 10, 2003, a default judgment issued against Stanley "Berrell." On August 17, 2004, Burrell appeared for a debtor's examination. In his current declaration in support of the instant motion, Burrell states that "an attorney" requested that he appear in 2004 to "answer some questions." He declares that he was confused as to the purpose of that appearance, but that he agreed to appear so he could answer questions he believed the Court wanted answered. Burrell did not consult with counsel before, during, or after the appearance. Burrell claims that he did not understand the scope and nature of the proceedings, or that a default judgment had been entered against "MC Hammer a.k.a. Stanley Berrell," or that anyone believed that there was a binding judgment against him. Burrell states that he considered the matter closed as of August 17, 2004.

On June 15, 2009, Plaintiffs filed a motion for administrative relief pursuant to Civ. L.R. 7-11 seeking to amend the default judgment against Stanley "Berrell" to reflect the correct spelling of Burrell's name.  On June 19, 2009, this Court granted Plaintiffs' unopposed motion and entered an amended default judgment naming Burrell as the judgment debtor.  Burrell claims that he first realized that a judgment had been entered against him as of June 24, 2009, when he received notification in the mail that his name appeared on the amended default judgment.  It is undisputed for present purposes that Burrell filed the instant motion within a reasonable time after June 24, 2009.

### III.  LEGAL STANDARD

**A.  Standard for Setting Aside Default and Vacating Default Judgment**

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  A good cause analysis under Rule 55(c) requires consideration of three factors:  (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff.  *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*  375 F.3d 922, 925-926 (9th Cir. 2004).  These factors are disjunctive – thus the Court may deny the motion if any of the three factors is present.  *Id*.

**B.  Standard for Proper Service of Summons and Complaint**

Defective service of process of a summons and complaint renders a judgment "void" for purposes of Fed. R. Civ. P. 60(b).  *Mason v. Genisco Tech. Corp.*, 960 F2d 849, 851 (9th Cir. 1992).  Under the Federal Rules of Civil Procedure, a summons and complaint ("Initiating Documents") must be served together upon a defendant in a particular manner within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(c)(1) and 4(m).  Proper service of an individual may be accomplished by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

California law establishes three ways in which a plaintiff in federal court can meet the service requirements of Rule 4. The first two are described in California Code of Civil Procedure § 416.90, which permits service by personal service or service upon an authorized agent. Cal. Civ. Proc. § 416.90. A third means of service for a federal suit is provided by California's rules for substituted service. Cal. Civ. Proc. Code § 415.20(b).

## IV.  DISCUSSION

**A. The Default Judgment Is Not Void For Lack of Proper Service**

A court may grant Rule 60(b) relief from a judgment that is "void" because the court lacked either subject matter or personal jurisdiction. *See Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990) (lack of both subject matter and personal jurisdiction). However, the concept of "void" judgments is construed narrowly. *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995).

Burrell argues that the default judgment taken against "MC Hammer, a.k.a. Stanley Berrell" is void because he was not properly served. Burrell argues that both the proof of service and the amended proof of service indicate that a "Stanley Berrell, a.k.a. MC Hammer" was served by substitute service through his wife, "Stephanie Berrell," and that the proper surname for both Defendant and his wife is "Burrell." As a result, Burrell asserts that he never received proper service.

However, this admitted error does not make the service "void." The complaint identifies the named defendant as "MC Hammer." The complaint clearly put the person using the name "MC Hammer" on notice that he was being sued. It is undisputed that service was made at Burrell's residence in Tracy, California.

Both proofs of service also state clearly that substituted service was made on Burrell's

4

wife at 7683 Erb Way, Tracy, CA. *See* Decl. of Derek Eletich, Exhibit A, ¶ 2.c; and Exhibit B, ¶ 2.c. In her declaration, Stephanie Burrell admits that she and Stanley Burrell resided at this address in 2001 and 2002. Decl. Of Stephanie Burrell, ¶ 2. Accordingly, both proofs of service comply with Rule 4(e)(2)(B), which requires "leaving a copy of each at the individual's dwelling or usual place of abode." Finally, both proofs of service state clearly that the summons and complaint were left with Stephanie "Berrell" [sic], the spouse of the person being served. *See* Declaration of Derek Eletich, Exhibit A, ¶ 2.c; and Exhibit B, ¶ 2.c; RJN, Exhibits "2" and "3." Thus, both proofs of service satisfy the additional requirement of Rule 4(e)(2)(B), that service be effected upon "someone of suitable age and discretion who resides there."

Unlike California Code of Civil Procedure § 415.20, Rule 4(e) does not require Plaintiffs to demonstrate "reasonable diligence" in attempting to serve Burrell personally before effecting substituted service. Similarly, nothing in Rule 4(e) requires Plaintiffs to demonstrate that the process server informed the person receiving the summons and complaint of the nature of the documents. Nor does Rule 4(e) require Plaintiffs to demonstrate that the person performing the service also mailed a copy of the summons and complaint by first class mail, postage prepaid, to the person being served in order to effect a substitute service.

Burrell nonetheless argues that Plaintiffs were required to comply with California Code of Civil Procedure § 415.20(b). However, Rule 4(e)(1) is written in the disjunctive, and it is meant to provide an alternative to service under Rule 4(e)(2). Rule 4(e)(2)(B) expressly authorizes service by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." In any event, Plaintiffs did mail a copy of the summons and complaint to Burrell's residence, as reflected in the proof of service dated January 9, 2002. Decl of Derek Eletich, Exhibit B, ¶ 3.c; RJN, Exhibit 3.

**B. Burrell Does Not Provide a Reasonable Excuse for the Entry of Default**

Upon motion of a party, "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . reasons" enumerated therein, including (among others) that the default judgment resulted from "mistake, inadvertence, surprise, or excusable neglect," or "for any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1) and 60(b)(6). Generally, relief from

entry of default may be obtained on one or more of these grounds by demonstrating that the defendant has a reasonable excuse for the default. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (2001). Additional requirements apply where a defendant desires to have a default judgment vacated on the grounds (in whole or in part) of "excusable neglect" and or "mistake."

**1. Burrell's Delay In Seeking Relief Is Not Attributable To Excusable Neglect**

Relief may be obtained on the basis of "excusable neglect" where a party has been negligent. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (granting relief from filing deadline on grounds solely attributable to negligence). Where a defendant is relying upon "excusable neglect" in seeking to set aside a default or vacating a default judgment, the defendant also must demonstrate that he has a meritorious defense to the complaint. *Franchise Holding II, LLC v Huntington Rests Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (holding that party must establish "specific facts that would constitute a defense" to the complaint.) Ultimately, three factors determine whether a default judgment will be vacated on grounds of "excusable neglect:" (1) whether the default judgment resulted from a "devious, deliberate, willful or bad faith failure to respond;" (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *See Employee Painters' Trust v Ethan Enterprises, Inc.*, 480 F.3d 993 (9th Cir. 2007).

As discussed above, Burrell received adequate notice of his obligation to respond to Plaintiffs' complaint. Burrell is a sophisticated businessman who knowingly became involved with PacketSwitch as a shareholder. Burrell's direct interaction with the SEC during its investigation of PacketSwitch establishes for present purposes that Burrell was aware of the company's financial difficulties. On August 17, 2004, Burrell appeared in this Court for a debtor's examination. Burrell admits that he received and simply ignored letters addressed to Stanley "Berrell."

In light of the totality of the circumstances, the Court concludes that Burrell's actions do not amount to excusable neglect but rather are indicative of a deliberate decision not to respond to the instant proceedings. Setting aside the default judgment would prejudice Plaintiffs, who

were entitled to receive a response from Burrell in a timely manner, not eight years after commencement of the action.

### 2. Burrell's Delay May Not be Excused as a Reasonable Mistake

Relief from entry of a default judgment also may be obtained by demonstrating that the defendant was laboring under a reasonable mistake of either fact or law. *Kingvision Pay-Per-View Ltd v Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999). However, as explained above, the record indicates that Burrell consciously ignored Plaintiffs' efforts to elicit a response from him. The record establishes that Burrell disregarded several conspicuous indications that he was a party to a lawsuit. Burrell obviously had the ability to consult with counsel if he had any questions as to his legal situation. If indeed Burrell was mistaken with respect to his obligation to respond to Plaintiffs, the weight of the evidence supports a conclusion that such mistake was unreasonable under the circumstances.

### 3. Burrell's Motion is Untimely

Rule 60(b)(1) permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993). The one-year limitation is found in Rule 60(c)(1), which provides that, "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Courts favor the trial of claims on their merits, and courts may vacate judgments by default long after the fact if the circumstances warrant such relief. The action of a trial court in either granting or refusing an application to vacate a judgment generally speaking is within the judicial discretion of the court. The discretion is not an arbitrary one to be capriciously exercised, but rather is a sound legal discretion guided by accepted legal principles. *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962).

Judgment was entered against Burrell on June 10, 2003, and Burrell attended and participated in a debtor's examination arising from that judgment on August 17, 2004. His

conscious decision to ignore these proceedings until he received the amended judgment in 2009 was unreasonable. Accordingly, the instant motion is untimely pursuant to Rule 60(c)(1).

**C. The Amended Default Judgment Does Not Affect Burrell's Substantive Rights**

Rule 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from the oversight or omission may be corrected by the court" at any time either on its own initiative or on motion of a party. Fed. R. Civ. P. 60(a). In other words, Rule 60(a) allows a court to correct "what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record." *Allied Materials Corp. v. Superior Prods. Co., Inc.*, 620 F.2d 224, 226 (10th Cir. 1980). The Rule does not permit a court to "correct something that was deliberately done but later discovered to be wrong." *McNickle v. Bankers Life and Cas. Co.*, 888 F.2d 678, 682 (10 th Cir. 1989). "The relevant test for the application of Rule 60(a) is 'whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule.'" *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998).

A mistake need not have been committed by the clerk or the court, and Rule 60(a) is available even to correct mistakes by the parties. *Warner v. Bay St. Louis*, F.2d 1211, 1212 (5th Cir 1976) (mistakes correctable by Rule 60(a) are "not necessarily made by the clerk"); *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir 1968) (mistakes by parties correctable by Rule 60(a)). The Rule "allows courts to modify their judgment in order to insure that the record reflects the actual intention of the court and the parties." *Matter of West Texas Marketing Corp.*, 12 F.3d 497, 504 (5th Cir. 1994).

Burrell claims that Plaintiffs' administrative motion to change the name on the default judgment from "Stanley Berrell" to "Stanley Burrell" was improper. Specifically, Burrell argues that the change affected his substantive rights by subjecting him to a default judgment improperly entered against the non-existent Stanley "Berrell." Burrell claims that Plaintiffs would not have moved to amend the judgment had the original default against Stanley "Berrell" been legally enforceable against him.

1    This argument is unpersuasive.  Plaintiffs' administrative motion to correct the
2 misspelling of Burrell's name on the original judgment corrected a clerical error on a judgment
3 that otherwise was binding on Burrell, and the actual person in default was not misidentified.
4 The judgment, like the complaint and summons, clearly indicates that the defendant is "MC
5 Hammer a.k.a. Stanley Berrell."  If Plaintiffs had not filed their administrative motion to correct
6 the spelling of Burrell's name, the Court could have made the correction *sua sponte*.  *See In re*
7 *Timely Secretarial Service, Inc.*, 987 F.2d 1167, 1171 (5th Cir. 1993).  Neither action would alter
8 the substantive rights of either party.

## V. ORDER

For the foregoing reasons, Burrell's motion to set aside the default and vacate the default judgment is DENIED.

DATED:   February 5, 2010

_____
JEREMY FOGEL
United States District Judge