UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ICHO and ICHO GROUP, INC., | Case No.: C 01-20858-JF (PSG) |
| Plaintiffs, | **ORDER SETTING JUDGMENT DEBTOR EXAM** |
| v. | |
| PACKETSWITCH.COM, INC. et al., | **(Re: Docket Nos. 199, 200)** |
| Defendants. | |

On February 29, 2012, the court issued an order to show cause as to Plaintiffs Robert Icho and Icho Group, Inc. ("Plaintiffs"), asking why the court should order a judgment debtor exam at Plaintiffs' bequest in light of Plaintiffs' earlier failure to appear at the first examination ordered by the court, also at Plaintiffs' bequest.[1] On March 13, 2011, Plaintiffs responded to the order to show cause. Plaintiffs explained that the earlier failure to appear was based on their understanding that the examination would not proceed as scheduled because, despite numerous attempts to serve Defendant MC Hammer, aka Stanley Burrell ("Defendant") with the notice of the judgment debtor exam, those attempts had been unsuccessful.  To Plaintiffs' knowledge, Defendant is without

---

[1] This court previously approved a motion by Plaintiff to schedule the judgment debtor exam for December 9, 2011. *See* Docket No. 197.  On December 9, 2011, however, Plaintiffs failed to appear for the scheduled exam, although Defendant was present with an attorney and prepared to proceed with the examination. The court noted on the record Defendant's appearance and Plaintiff's failure to appear. FTR 9:42:36-9:44:00 (Dec. 9, 2011). On January 25, 2012 Plaintiff filed a certificate of service of service and declaration stating that Plaintiff had been unable to effect personal service on Defendant of the application and order for appearance for the December 9, 2011 examination. Docket No. 198.

1

Case No.: 01-20858
ORDER

counsel, leaving Plaintiffs with no way to contact him other than by personal service. Although Plaintiffs were unable to provide the court with a satisfactory explanation as to why Defendant was present for the scheduled examination even though all attempts at service had failed, Plaintiffs conceded that they should have – but did not – alert the court to the fact that service had failed and the examination would not proceed. Plaintiffs request that the court re-order the judgment debtor examination for May 15, 2012 or later in order to allow sufficient time for service.[2]

The court accepts Plaintiffs' good faith explanation for their non-appearance at the December exam. The court cannot accept, however, the disregard for the court's role in ordering the appearance of a party. In this case, Plaintiffs requested a court order requiring Defendant's appearance on December 9, 2011. The order as requested threatened the Defendant with punishment for contempt of court, attorney fees, and even arrest if he failed to appear. The order did not condition this threat on Plaintiffs' successfully completing service. The court's imprimatur made the order official. Plaintiffs' many and undoubtedly frustrating attempts to serve Defendant do not excuse Plaintiffs' failure to consider updating the court on the status of the exam so that the court might correct the public docket entry and prevent both an unnecessary trip to San Jose by Defendant and his attorney, as well as the court's having made its resources available on that date and time.

Plaintiffs are entitled to proceed with the judgment debtor exam but must cover the reasonable attorney's fees and costs of Defendant having to appear a second time. The court therefore will issue a separate order for the appearance and examination of Defendant at 10:00 a.m. on June 1, 2012.

**IT IS SO ORDERED.**

Dated: 3/15/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[2] Docket No. 199 (Mot. for Judgment Debtor Exam).

2

Case No.: 01-20858
ORDER