UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ICHO, et al., | Case No.: CV 1-20858-LHK (PSG) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTIONS FOR MISCELLANEOUS POST-JUDGMENT RELIEF** |
| v. | |
| PACKETSWITCH.COM, INC., et al., | |
| Defendants. | **(Re: Docket No. 211)** |

Plaintiffs Robert Icho, et al. ("Plaintiffs") move to enforce their default judgment against individual Defendant M.C. Hammer a/k/a Stanley Burrell ("Burrell"). They seek: (1) an order pursuant to California Civil Procedure Code § 708.510(a) assigning all or part of any right to payment due, or to become due to Burrell, arising out of his activities as an entertainer, television and theatrical performer, singer, songwriter, or the like ("assignment order"); (2) an order pursuant to California Civil Procedure Code § 708.510(e) restraining Burrell from the sale, alienation, mortgage, lien, encumbrance, advancement, cashing or negotiation, or receipt or exploitation of any rights to payment ("restraining order"); (3) an order pursuant to California Civil Procedure

1
Case No.: CV 1-20858-LHK (PSG)
**ORDER DENYING PLAINTIFFS' MOTIONS FOR MISCELLANEOUS POST-JUDGMENT RELIEF**

Code § 699.040(e) compelling Burrell to turn over all documentary evidence of any and all of his rights to payment to Plaintiffs ("turnover order"); and (4) an order pursuant to California Civil Procedure Code §§ 708.110(a) and 708.250 compelling Burrell to appear before this court on a bi-monthly basis to testify about the condition of his finances and to provide documentary evidence to the court evincing the same.[1]

Burrell opposes all of the motions.

## I. LEGAL STANDARDS

Rule 69(a)(1) states that a money judgment "is enforced by a writ of execution" and that the execution procedure "must accord with the procedure of the state where the court is located" unless a federal statute controls.[2] No federal statute applies to this type of judgment, leaving California's statutes regarding enforcement of judgments to govern.[3]

## II. DISCUSSION

### A.  Assignment of Rights to Payment

California Code of Civil Procedure § 708.510 provides that "upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." Assignment from a third-party obligor is appropriate "where a judgment creditor can identify a person or entity which is obligated to make payment to the judgment debtor, and where that right to payment is assignable."[4] Section 708.510 does not require "detailed evidentiary support for [the] request," but a judgment creditor must "describe [the sources of the right to payment] with sufficient detail so that [d]efendants can file a claim of

---

[1] *See* Docket No. 211.

[2] Fed. R. Civ. Proc. 69(a)(1).

[3] *See* Cal. Civ. Proc. Code § 680.010, et. seq.; *see also Credit Suisse v. United States Dist. Ct.*, 130 F.3d 1342, 1344 (9th Cir. 1997).

[4] *Garden City Boxing Club, Inc. v. Briano*, No. 06-1270, 2007 WL 4463264, at *1 (E.D. Cal. Dec. 13, 2007).

2
Case No.: CV 1-20858-LHK (PSG)
**ORDER DENYING PLAINTIFFS' MOTIONS FOR MISCELLANEOUS POST-JUDGMENT RELIEF**

exemption or other opposition."[5] To determine whether an assignment order is appropriate, the court may consider "all relevant factors," including "reasonable requirements of a judgment debtor who is a natural person," "[t]he amount remaining due on the money judgment," and "[t]he amount being or to be received in satisfaction of the right to payment that may be assigned."[6]

Plaintiffs seek assignment of any future proceeds "arising out of [Burrell's] activities as an entertainer, television and theatrical performer, singer, songwriter, dancer, promoter, producer, consultant, inventor, investor, lecturer, speaker, publicist, and entrepreneur, or the like."[7] The request, however, does not identify any specific persons or entities from which Burrell has a right of payment. Plaintiffs argue that they have identified specific sources of payments, but sources such as the sale of Burrell's music catalog and earnings from Burrell's appearance on a reality television show occurred prior to this motion, and Plaintiffs have not shown the likelihood of future earnings from those transactions.[8] Plaintiffs point to various companies with which Burrell had relationships but those companies either no longer exist or no longer have relationships with Burrell.[9] As to those companies with which Burrell remains involved, Plaintiffs have not provided any indication that Burrell possesses assignable property as part of those relationships.

Plaintiffs also rely on Burrell's past concert appearances to assert that Burrell will continue to perform, and that Plaintiffs are thereby entitled to Burrell's remuneration from future, hypothetical performances.[10] Plaintiffs read section 708.510 too broadly. Section 708.510 allows a judgment creditor to reach a judgment debtor's assignable property, such as payments that are due or will come due, but there must be "some degree of concreteness to the expected payment" for

---

[5] *Blue Grass Mfg. Co. of Lexington, Inc. v. Beyond A Blade, Inc.*, No. MC 10-80248 WHA, 2011 U.S. Dist. LEXIS 70556, at *7 (N.D. Cal. May 5, 2011).

[6] Cal. Civ. Proc. Code §708.510(c)(1-4).

[7] Docket No. 211 at 2.

[8] *See* Docket No. 217 at 6.

[9] *See id*.

[10] Docket No. 217 at 7.

3
Case No.: CV 1-20858-LHK (PSG)
**ORDER DENYING PLAINTIFFS' MOTIONS FOR MISCELLANEOUS POST-JUDGMENT RELIEF**

1 section 708.510 to apply.[11] The possibility of future concert appearances, without more, is not sufficiently concrete because there is no third-party obligor from which Burrell's right to payment can be assigned.[12]

Because Plaintiffs have failed to identify persons or entities from which Burrell has a right of payment, Plaintiffs' motion for an assignment order is DENIED.

**B.     Restraining Order**

California Code of Civil Procedure § 708.520 allows a judgment creditor who is applying for an assignment order under Section 708.510 to also apply for a restraining order to prevent the judgment debtor "from assigning or otherwise disposing of the right to payment that is sought to be assigned." Because Plaintiffs have failed to identify assignable property belonging to Burrell that is subject to Section 708.510, their motion for a restraining order under Section 708.520 is DENIED.

**C.     Turnover Order**

Under California Code of Civil Procedure § 699.040, a judgment creditor may request an order requiring a judgment debtor "to transfer to the levying officer" either "[p]ossession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody" or "possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon." The statute does not allow turnover of the property or the title to judgment creditors or their counsel.[13]

Plaintiffs appear to misunderstand the purpose of § 699.040. Plaintiffs seek to have Burrell turn over "any and all documentary evidence of any and all of his rights to payment" including "checks, drafts, money orders, deposits, deposit accounts, bank accounts, savings accounts, [and]

---

[11] *Passport Health, Inc. v. Travel Med., Inc.*, No. 09-cv-01753-GEB, 2012 U.S. Dist. LEXIS 53343, at *9 (E.D. Cal., April 13. 2012).

[12] *See Garden City Boxing Club*, 2007 WL 4463264, at *1 (rejecting plaintiff's motion because it "appears to be for a general assignment of all possible funds due to [d]efendant" and plaintiff "failed to identify any specific source of money to be assigned").

[13] *See Palacio Del Mar Homeowners Ass'n, Inc. v. McMahon*, 174 Cal. App. 4th 1386, 1391 (2009).

4
Case No.: CV 1-20858-LHK (PSG)
**ORDER DENYING PLAINTIFFS' MOTIONS FOR MISCELLANEOUS POST-JUDGMENT RELIEF**

stock certificates" among many other types of documents.[14]  Section 699.040 is not, however, a discovery provision that allows judgment creditors to investigate the records of judgment debtors to determine possible sources of income.  It is a statutory method to enforce levying procedures by allowing judgment creditors to seek court orders for the turnover of possession or title of levied items to a levying officer.[15]  Section 699.040's limitation of turnover to levying officers evinces that purpose.  Plaintiffs do not request turnover of title or custody of levied items.  They request turnover of documents that may reveal that Burrell has rights to payments, not levied property, and those documents are not subject to turnover under Section 699.040.[16]

Because Plaintiffs request documents not subject to Section 699.040 and request those documents be given directly to Plaintiffs' counsel, the turnover motion is DENIED.

**D.     Order for Bi-Monthly Appearances**

California Code of Civil Procedure § 708.110 provides that a judgment creditor "may apply to the proper court for an order requiring the judgment debtor to appear before the court . . . at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment."  "If the judgment creditor has caused the judgment debtor to be examined under this

---

[14] Docket No. 211 at 2.

[15] *See* Law Revision Commission Comments to Cal. Civ. Proc. Code § 699.040 (noting Section 699.040 is analogous to Section 482.080, which allows turnover orders when writs of attachment issue, and Section 512.070, which allows turnover orders when writs of possession issue under claim and delivery statute).

[16] Fed. R. Civ. P. 69(a)(2) provides the recourse Plaintiffs seek.  Under Rule 69, judgment creditors are entitled, "in aid of the judgment or execution" to "obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."  Plaintiffs are welcome to pursue discovery from Burrell either under Fed. R. Civ. P. 26, which governs discovery under the federal rules, or under Cal. Civ. Proc. Code § 708.020 (written interrogatories) and § 708.030 (inspection of documents).  For example, under Rule 26 and Section 708.030, Plaintiffs could seek discovery from both Burrell and Salesforce, Inc., regarding Burrell's September 20, 2012, concert performance at the Dreamforce conference.  *See* "Dreamforce Conference Rocks Out with MC Hammer," NBC Bay Area, Sept. 21, 2012, http://www.nbcbayarea.com/news/weird/NATL-Weird-News-Photos-Santa-Edition-136182073.html?ssAuto=true.  Or, Plaintiffs could seek discovery for the concert Burrell performed September 15, 2012, at the Verizon Wireless Amphitheatre in Irvine.  *See Jack's 7th Show*, 93.1 Jack FM, http://931jackfm.cbslocal.com/category/jacks-7th-show/ (last visited Sept. 21, 2012).

5
Case No.: CV 1-20858-LHK (PSG)
**ORDER DENYING PLAINTIFFS' MOTIONS FOR MISCELLANEOUS POST-JUDGMENT RELIEF**

1    section during the preceding 120 days, the court shall make the order if the judgment creditor by

2    affidavit or otherwise shows good cause for the order."[17]

3    Plaintiffs request that the Court order Burrell to appear bi-monthly for judgment debtor

4    examinations.[18] Plaintiffs argue that Burrell's "lack of memory and ability to recall [at the initial

5    judgment debtor examination hearing] demonstrates a need for Plaintiffs to have [Burrell] appear

6    more frequently than simply every 120 days," and that without bi-monthly appearances "Plaintiffs

7    would be at a great disadvantage in attempting to identify the accounts and/or accounts receivable

8    which would be subject to levy and execution."[19]

9    The purpose of Section 708.110 is to allow thorough and complete evaluation of judgment

10   debtors and "to leave no stone unturned in the search for assets which might be used to satisfy the

11   judgment."[20] Nothing in its text suggests it is or should be used as authority for monitoring

12   judgment debtors. Plaintiffs have cited no precedents and the Court has found no cases supporting

13   that interpretation of the statute. Moreover, appearances by Burrell before the Court twice per

14   month are not the appropriate solution for Plaintiffs' desire for more information about Burrell's

15   assets and income streams. Instead, Plaintiffs may pursue discovery of Burrell's financial

16   information under Rule 69(a)(2).[21] If this discovery uncovers evidence providing good cause for

17   further examination of Burrell, Plaintiffs may move at that time to examine Burrell under Section

18   708.110.

---

[17] Cal. Civ. Proc. Code §708.110(c).

[18] Docket No. 211 at 3.

[19] Docket No. 212 at 11.

[20] *United States v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) (internal citations omitted).

[21] *See* Fed. R. Civ. Proc. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.").

6

Case No.: CV 1-20858-LHK (PSG)
**ORDER DENYING PLAINTIFFS' MOTIONS FOR MISCELLANEOUS POST-JUDGMENT RELIEF**

Plaintiffs also seek an order compelling Burrell to produce "all books, records, papers and files" pursuant to Sections 708.205(a) and 708.130.[22] Neither of those provisions provides a basis for ordering discovery of a judgment debtor's financial papers.[23] As noted, Plaintiffs may pursue discovery of Burrell's financial information pursuant to Rule 69(a)(2).

The Plaintiffs' motion to have Burrell appear bi-monthly to report on his financial condition and to compel production of discovery of his financial documents is DENIED.

## CONCLUSION

Plaintiffs' motions for an assignment order pursuant to § 708.510 and for a restraining order pursuant to § 708.520 are DENIED. Plaintiffs' motions for a turnover order pursuant to § 699.040 and for Burrell to appear bi-monthly before this court pursuant to § 708.110 are DENIED.

**IT IS SO ORDERED.**

Dated: September 21, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[22] *See* Docket No. 212 at 12.

[23] *See* Cal. Civ. Proc. Code § 708.205(a) ("[A]t the conclusion of a proceeding pursuant to this article, the court may order the judgment debtor's interest in the property in the possession or under the control of the judgment debtor . . . to be applied toward the satisfaction of the money judgment if the property is not exempt from enforcement of a money judgment."); § 708.130 ("Witnesses may be required to appear and testify before the court or referee in an examination proceeding under this article in the same manner as upon the trial of an issue.").